**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **MARCIA L. JACKSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 13-2626-CM** |
| ) | |
| **PARK PLACE CONDOMINIUMS** ) | |
| **ASSOCIATION, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Marcia L. Jackson, proceeding pro se and *in forma pauperis*, filed suit against

defendant Park Place Condominiums Association, Inc. seeking damages under 28 U.S.C. § 1343 for

alleged violations of her civil rights.  On August 1, 2014, plaintiff filed a pleading entitled "Motion for

Summary Judgment" (Doc. 45).  This matter is before the court on defendant's Motion to Strike (Doc.

46).

A document filed pro se must be liberally construed and judged against a less stringent standard

than pleadings drawn by attorneys.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991).  It is not the proper function of the district court to assume the role

of advocate for a pro se litigant.  *Whitney v. N.M.*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).  Pro se

litigants are expected to follow the same rules of procedure governing other litigants. *Hall v. Witteman*,

584 F.3d 859, 864 (10th Cir. 2009) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836,

840 (10th Cir. 2005).  However, a court may "make some allowances for 'the pro se plaintiff's failure

to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence

construction, or his unfamiliarity with pleading requirements.'"  *Garrett*, 425 F.3d at 840 (quoting

*Bellmon*, 935 F.2d at 1110).

-1-

Plaintiff's purported summary judgment motion consists of one hand written page and several attachments that appear to be police reports.  The motion does not indicate how the matters covered in the motion relate to the incident from which this action arises.  The motion also fails to comply with Rule 56 of the Federal Rules of Civil Procedure because it references documents but does not provide any citations to record evidence. The motion also fails to comply with the local rules of this court regarding motions for summary judgment because it does not begin with a concise statement of material facts to which the movant contends no genuine issue exists and because it does not refer to the record in support of any facts.  D. Kan. Rule 56.1.  In sum, plaintiff's motion wholly fails to comply with the Federal Rules of Civil Procedure and the local rules of this court.  Moreover, plaintiff accuses defendant's counsel of attempting to deceive the court, which the court considers a serious accusation.

Given this pro se plaintiff's indifference to the court's rules related to summary judgment filings, the court believes that striking plaintiff's motion without prejudice is warranted and appropriate.  *See* Fed. R. Civ. P. 56(c)(1) & (4).  If plaintiff wishes to contest specific factual allegations made in this case, plaintiff should pursue evidentiary support through the discovery process,[1] and then she may present the court with a properly supported motion for summary judgment. Finally, the court cautions plaintiff about making personal accusations about the attorneys involved in this case.  Notwithstanding plaintiff's pro se status, the court can impose Rule 11 sanctions. *McCormick v. City of Lawrence, Kan.*, 218 F.R.D. 687, 690 (D. Kan. 2003) ("Rule 11'speaks of attorneys and parties in a single breath and applies to them a single standard.'" (quoting *Bus. Guides, Inc. v. Chromatic Commc'n Enters., Inc.*, 498 U.S. 533, 548 (1991))).

---

[1] The court notes that plaintiff has failed to answer defendant's discovery requests, which is the subject of a pending Motion to Compel (Doc. 39) filed by defendant.

**IT IS THEREFORE ORDERED** that Defendant Park Place's Motion to Strike (Doc. 46) is

granted.  Plaintiff's Motion for Summary Judgment (Doc. 45) is stricken.

Dated this 13th day of August, 2014, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**