IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARCIA L. JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 13-2626-CM-GLR |
| PARK PLACE CONDOMINIUMS ) | |
| ASSOCIATION, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

The Court has before it a Motion: Request for Discovery (ECF 63).  Plaintiff thereby asserts a single "Request For All Past and Present Discovery Information intended to be used by and for Trial. (Documents and witness List.)" *Id*. at 1.  To support the motion, Plaintiff merely states that defense counsel "has not provided any Discovery Information to Date." *Id*.  Plaintiff has filed no accompanying memorandum, as required by D. Kan. Rule 7.1(a). Rule 7.4 (a) provides that, "The Court may summarily deny a motion not accompanied by a required brief or memorandum."  Defendants have not responded to the motion.

If intended to address discovery, the motion has additional defects.  It lacks any accompanying copy of a notice of deposition, interrogatory, or other discovery request to which it may pertain, as required by D. Kan. Rule 37.1.  The Court finds no suggestion of any specific discovery to which Defendant was required to respond.  Plaintiff also fails to indicate that she has conferred with opposing counsel, as required by Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2.  For these reasons the Court finds no violation of any specific duty of discovery.

Although the motion refers to "discovery," the Court finds it to be nothing more than a request for Defendant to serve Plaintiff with disclosures of trial witnesses and exhibits, as required by Fed. R. Civ. P. 26(e). At the final pretrial conference on October 21, 2014, however, the Court did address the matter of Rule 26 Disclosures of Trial Witnesses and Exhibits. On October 29, 2014, it entered the Pretrial Order (ECF 65), to further govern the case through trial. Section 9 provides that supplementations of disclosures under Fed. R. Civ. P. 26(e) must be served as required by that rule and in any event 40 days before the deadline for completion of all discovery. ECF 65 at 7. The supplemental disclosures "must identify all witnesses and exhibits that probably or even might be used at trial." *Id*. The Court notes that Defendant's Supplemental Disclosures" (ECF 74) were filed December 19, 2014. The Pretrial Order extended the discovery deadline through January 31, 2015. ECF 65 at 5. Trial is set for June 1, 2015. Given this history, the Court finds no failure by Defendant to comply with any duty of discovery or other pretrial requirement. Accordingly, the Court denies the Motion: Request for Discovery (ECF 63) as moot and, if intended to address discovery, as failing to comply with procedural requirements and otherwise failing to show any merit.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this <u>19th</u> day of February, 2015.

<u>S/Gerald L. Rushfelt</u>
Gerald L. Rushfelt
United States Magistrate Judge
