IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MARCIA L. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 13-2626-CM-GLR |
| PARK PLACE CONDOMINIUMS ASSOCIATION, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

The Court has before it a Motion to Compel Discovery to Supplemental Discovery Requests (ECF 81). Invoking Fed. R. Civ. P. 37 and D. Kan. Rule 37.2, Defendant thereby seeks an order to compel Plaintiff Marcia L. Jackson to respond to Defendant's Supplemental Interrogatories to Plaintiff. (Exhibit A to the motion.) She has filed her response (ECF 82) to the motion and asks the Court to deny it. Defendant has filed no reply memorandum to her response. Having reviewed the motion and memoranda of the parties, the Court will grant it in part and deny it in part. From her responses to the motion the Court concludes that Plaintiff has adequately answered Supplemental Interrogatories 1, 3, 4, and 5. The Court cannot determine whether those responses preceded or followed the motion. Defendant has provided no further information to clarify any question of timing.

The Court finds that the responses by Plaintiff to Supplementary Interrogatories 2, 6 and 7 are inadequate. Consequently, Plaintiff shall further respond to those three interrogatories as follows: Plaintiff shall answer Supplemental Interrogatory 2 by providing the name & address of each doctor or other health care professional who has provided her treatment for any

psychological injuries she claims to have suffered as a result of the occurrence(s) described in her amended complaint.  She shall also state the dates of treatment.  Her answer to the interrogatory suggests that on 12/22/14 she "Provided Past and future Appointments."  She adds the following to her answer: "Name of Doctors Therapy and Medication Any Additional Information is Confidential and Private.  Protected by Hippa Laws (Amended) Plaintiff has not requested compensation for cost of treatment for therapy."

     Her response to Supplemental Interrogatory 2 does not provide sufficient information for the Court to determine whether or not Plaintiff has adequately answered it.  The Court rejects her objection that characteristics of "confidential and Private" or protection by "Hippa" (sic) allows her to withhold the requested information.  If she is indeed claiming "psychological injuries in this case," as Interrogatory 2 presupposes, she has waived whatever confidentiality, privacy and HIPAA protection she may otherwise have had.  Those privileges may give her protection against unauthorized disclosures by health-care providers.  But they do not protect Plaintiff against her own duty to disclose medical information relevant to her personal claims for damages, such as she asserts in this lawsuit.  Accordingly, as requested by Supplemental Interrogatory 2, Plaintiff shall "State the name and address of each doctor or other health care professional who as (sic) provided you treatment for psychological injuries you claim to have suffered as a result of the occurrences(s) described in your Amended Complaint, along with the dates of treatment . . . ."

     The interrogatory also asks Plaintiff to state the "amounts charged for such treatment(s)."  Her "Amended" answer to Supplemental Interrogatory 2, however, states she "has not requested compensation for cost of treatment for therapy."  If this means she is making no claim for charges for treatment of psychological injuries, she need not provide the amounts charged for

such treatment.  But if she is claiming such charges against Defendant, she must answer the Interrogatory to state their amounts, as it directs her to do.

      Supplemental Interrogatory 6. and the response by Plaintiff to it are as follows:

> 6.    Specify by date the complaints you made to the Overland Park Police Department during the time you lived at Park Place, along with the reason for each complaint.
>
> ANSWER: Several Complaints made by Plaintiff Marcia L. Jackson Provided all Police Reports I have in my possession 12/22/14 (Hand Delivered) (Amended) - Hand Delivered to Mr. Southard During Discovery (Amended) Statutory Authority - United States District Court

The Court cannot determine from her response that Plaintiff has adequately provided to Defendant the information that Supplementary Interrogatory 6 requests, i.e. the dates of her complaints to the Overland Park Police Department and the reason for each complaint. Accordingly, Plaintiff shall further answer the interrogatory to provide that information.

      Supplementary Interrogatory 7 and the response of Plaintiff to it are as follows:

> 7.    If you are claiming punitive damages, state the statutory authority for your claim.
>
> ANSWER: <u>I have and am claiming Punitive Damages</u>.
> I am entitled to seek damages, compensation
> I have a right to request damages, Interference and violation of my civil and human rights, by Law provides me the Right based on the nature of my claim.

This answer clarifies, of course, that Plaintiff claims punitive damages.  But she specifies no statutory authority, as the interrogatory requests.  If Plaintiff is asserting a statute, whether federal or state, as authority for her claim of punitive damages, she must answer the interrogatory and specify it.

      In summary, the Court grants in part and denies in part the Motion to Compel Discovery to Supplemental Discovery Requests (ECF 81).  Within twenty (20) days of the date of this Memorandum and  Order Plaintiff shall fully answer Supplemental Interrogatories 2, 6 and 7, as

directed by this Memorandum and Order. The Court denies the motion with regard to Supplemental Interrogatories 1, 3, 4 and 6.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 23rd day of March, 2015.

S/Gerald L. Rushfelt  
Gerald L. Rushfelt  
United States Magistrate Judge