## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MARCIA L. JACKSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 13-2626-CM |
| ) | |
| **PARK PLACE CONDOMINIUMS** ) | |
| **ASSOCIATION, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### MEMORANDUM AND ORDER

Plaintiff Marcia L. Jackson, proceeding pro se, filed suit against defendant Park Place Condominiums Association, Inc., seeking damages under 28 U.S.C. § 1343 for alleged violations of her civil rights. On March 25, 2015, the court granted summary judgment in favor of defendant. (Doc. 87.) Before the court is plaintiff's Motion to Alter and Amend Summary Judgment (Doc. 94).[1]

In her motion, plaintiff attempts to "amend" her responses to twenty-eight of the thirty-nine statements of fact that defendant set forth in its originally-filed motion for summary judgment. Plaintiff's "amended" responses include, for the most part, the same facts as told by plaintiff in her originally-filed response (Doc. 70) and supplemental filings (Docs. 71, 72, 73 and 75). Moreover, as with her previous filings, plaintiff fails to refer to any portion of the record to support her factual statements. Even if she had properly referred to the record in the instant motion, however, plaintiff is not entitled to relief.

**I.  Legal Standard**

---

[1] On May 4, 2015, the court issued an order to show cause why defendant had failed to file a response to plaintiff's motion (Doc. 98). In response (Doc. 100), defendant's counsel explained that the failure was an undiscovered filing error with the court but that defendant's response was nonetheless mailed to plaintiff on April 24, 2015, which was within the prescribed time for responding. Given these circumstances, the court will consider defendant's response (Doc. 100 at 4–7).

Although she does not say in her motion, the court assumes plaintiff is requesting that the court alter or amend the summary judgment pursuant to Rule 59(e) or that the court otherwise reconsider its ruling.  The court notes that the grounds justifying an alteration, amendment, or reconsideration are essentially the same: (1) a change in law; (2) new evidence; and/or (3) the necessity of correcting clear error or preventing manifest injustice.  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (listing Rule 59(e) factors); *Priddy v. Massanari*, No. 99-4195-DES, 2001 WL 1155268, at *2 (D. Kan. Sept. 28, 2001) (observing that the factors for reconsideration and Rule 59(e) are the same).  The decision whether to grant or deny a motion to reconsider is within the court's sound discretion.  *In re Baseball Bat Antitrust Litig.*, 75 F. Supp. 2d 1189, 1192 (D. Kan. 1999) (citing *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988)) (additional citation omitted).

"[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."  *Servants*, 204 F.3d at 1012.  However, "it is not appropriate to revisit issues already addressed or to advance arguments that could have been raised in prior briefing."  *Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010) (citation omitted).  More importantly, a motion for reconsideration "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."  *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994) (citation omitted).

**II.    Discussion**

The statements plaintiff makes in her current motion explaining why she controverts these twenty-eight statements of fact do not materially differ from the statements she made in her prior briefing explaining why she controverts these twenty-eight statements of fact.  The court already considered these facts and her arguments in a light most favorable to plaintiff.  (Doc. 87 at 5–7.)  A Rule 59(e) motion does not allow plaintiff to revisit issues already considered.  *Trackwell v. U.S.*

*Gov't*, No. 04-4168-SAC, 2005 WL 2921586, at *1 (D. Kan. Nov. 4, 2005) (citing *Servants*, 204 F.3d at 1012).

Moreover, to the extent plaintiff references new facts, mostly in the form of statements made by other individuals, plaintiff fails to provide the court with any admissible evidence to consider, as these various statements are not contained in any sworn affidavit, discovery response, or deposition excerpt.[2] Rather, the statements as set forth by plaintiff amount to inadmissible hearsay. Even if plaintiff had offered admissible evidence, the time for responding to defendant's statements of fact has long since passed. Also, plaintiff is attempting to introduce evidence that was available to her at the time she filed her opposition brief and supplemental filings but that she apparently elected to not bring forward to the court. This "evidence" was not newly discovered after the court's summary judgment order and affords plaintiff no basis upon which to alter or amend the summary judgment.

Even if the court considered the facts set forth in plaintiff's "amended" responses, plaintiff has not established that this evidence would produce a different result. Even with these facts, plaintiff cannot establish a prima facie case of housing discrimination. Accordingly, the court declines to reconsider its summary judgment ruling based upon plaintiff's newly-amended statements. *Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1524 (10th Cir. 1992) (affirming denial of motion for reconsideration where plaintiffs submitted new evidence but failed to demonstrate that the evidence was newly discovered or previously unavailable through the exercise of diligence). In this case, the court has not misapprehended the facts, plaintiff's position, or the controlling law. As such, the court denies plaintiff's motion to alter or amend its summary judgment ruling.

---

[2] While plaintiff did submit several notarized "witness" statements made by herself, her family, and a friend in her original response to defendant's motion for summary judgment, many of the statements made therein do not bear on the material issues of this case or, to the extent they do, the witness statements report what other individuals purportedly said, rendering those statements double hearsay. The problem is that plaintiff failed to provide the court with sworn witness statements by the individuals who actually made the alleged statements.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Alter and Amend Summary Judgment (Doc. 94) is denied.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Doc. 92) is denied.

Dated this 14th day of May, 2015, at Kansas City, Kansas.

                                          s/ Carlos Murguia
                                          **CARLOS MURGUIA**
                                          **United States District Judge**